PER CURIAM.
The defendant, who is appellant here, was found guilty of grand larceny. On this appeal, reversal is claimed upon the ground that the State had in its possession material which might have given rise to a reasonable doubt concerning appellant’s guilt and that the State failed to furnish this material. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and Beasley v. State, 315 So.2d 540 (Fla.2d DCA 1975).
Our review of the record convinces us that the limitation upon Brady imposed by the United States Supreme Court in United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), applies. In that case, the Supreme Court held that a conviction will not be reversed for violation of the Brady rule unless the omission is of sufficient importance to result in a denial of defendant’s right to a fair trial.[1] It is clear *877 from this record that the proof of the present defendant’s guilt was beyond a reasonable doubt and that the omission claimed could have had no meaningful effect upon the outcome of the trial. Cf. Cravero v. State, 349 So.2d 649 (Fla. 3d DCA 1977). Therefore, we find no error.
Accordingly, the judgment is affirmed.

. “While expressing the opinion that representatives of the State may not ‘suppress substantial material evidence,’ former Chief Justice Traynor of the California Supreme Court has pointed out that ‘they are under no duty to report sua sponte to the defendant all that they learn about the case and about their witnesses.’ In re Imbler, 60 Cal.2d 554, 569, 35 Cal.Rptr. 293, 301, 387 P.2d 6, 14 (1963). And this Court recently noted that there is ‘no constitutional requirement that the prosecution make a complete and detailed accounting to the defense of all police investigatory work on a case.’ Moore v. Illinois, 408 U.S. 786, 795, 92 S.Ct. 2562, 33 *877 L.Ed.2d 706. The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish ‘materiality’ in the constitutional sense.” United States v. Agurs, 427 U.S. at 109-110, 96 S.Ct. at 2400.